**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF PREMISES AT 90 BROADTURN ROAD UNIT 9 IN SCARBOROUGH | No. 2:24-mj-183-KFW  <br><br>**FILED UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Thomas Lapierre, being duly sworn, state:

***INTRODUCTION AND AGENT BACKGROUND***

1.  I am a Task Force Officer ("TFO") with the U.S. Drug Enforcement Administration ("DEA") and have been since 2007. I am presently assigned to the Portland, Maine, office and have received extensive training pertaining to narcotic investigations and the investigation of various crimes which arise from drug trafficking activities. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c). During my time as a TFO with the DEA, I have participated in numerous investigations relating to the distribution of controlled substances, including cocaine, heroin, fentanyl, methamphetamine, diverted pharmaceuticals, and other substances in violation of the federal anti-drug laws, including Title 21, United States Code, Sections 841 and 846. I have conducted or participated in, among other things, surveillance, the execution of search and arrest warrants, debriefings of informants and confidential sources, and reviews of recorded conversations relating to narcotics trafficking. I have authored drug-related search warrant requests and successfully executed such warrants resulting in the seizure of drugs and other contraband, including firearms. I have also assisted in the execution of

numerous drug-related search and arrest warrants. I have received extensive training in the field of narcotics enforcement and investigations. I am familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the trafficking of illegal drugs, including the use of the internet, internet platforms, applications, and cellular telephones to facilitate those activities.

2. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 for a residence located at 90 Broadturn Road Unit Number 9 in Scarborough, Maine (the "Subject Premises") as well as any cellular telephones found at the Subject Premises (collectively "Subject Devices"), all as more particularly described in Attachment A of this Affidavit, for contraband and evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 846, 843, and 841, 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g)(3) ("Target Crimes"), as more particularly described in Attachment B of this Affidavit. The applied-for warrant would authorize forensic examination of Subject Devices for the purpose of identifying electronically stored data described in Attachment B. It would also authorize biometric scanning of Patrick McCarthy in order to access that data.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that the Target Crimes have been committed by one or more individuals. There is also probably cause to believe that the Subject Premises will contain Subject Devices and other contraband, evidence, and fruits and instrumentalities of the Target Crimes identified in Attachment B. Furthermore, there is probable cause that the Subject Devices contain evidence of one or more Target Crime.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested warrant.

## PROBABLE CAUSE

5. The DEA is investigating drug trafficking activities and a drug-trafficking-related shooting incident at 27 Meetinghouse Road in Biddeford, Maine, which occurred in the early morning hours of May 28, 2024.

### *Background and Prior Authority*

6. On May 31, 2024, the DEA applied for and obtained authority from this Court in 2:24-mj-179-KFW to search 27 Meetinghouse Road and cellular telephones of known identified occupants found at that location at the time of execution. The affidavit submitted in support of that search warrant is attached hereto as Exhibit 1 and expressly incorporated herein for its factual statements. That affidavit explained, among other things, the statements of John Doe regarding the shooting and the known residents of 27 Meetinghouse Road (the location of the shooting), who were known to be: Robert Marek, Patrick McCarthy, Meagan Hebert, Brian Trombley, and Kallie Bryant. It also explained that Patrick McCarthy initially denied firing a weapon during a purported home invasion, but ultimately acknowledged he had fired multiple rounds from inside 27 Meetinghouse Road and then discarded a handgun near 27 Meetinghouse Road. It further explained information from John Doe that a dispute regarding a drug transaction had precipitated him being shot by an unknown male at a location that appears to be 27 Meetinghouse Road. It further explained certain

information provided by a neighbor to 27 Meetinghouse Road (hereinafter the "Meetinghouse Road Neighbor").

*Past Involvement with Subject Premises*

7. In preparing to execute the above-described search warrant, the DEA obtained information that McCarthy was not at that location in the afternoon of May 31, 2024, the day the warrant issued. Rather, the Meetinghouse Road Neighbor was contacted and reported seeing McCarthy leave the 27 Meetinghouse Road address the night prior and further reported McCarthy had not yet returned. As a goal of execution was to obtain any cellular telephone used by McCarthy, agents decided not to execute the warrant at that time. Surveillance efforts then showed a vehicle known to be operated by McCarthy at 90 Broadturn Road Unit 9 (the Subject Premises), an address previously associated with McCarthy and drug use and drug distribution, as explained in the following paragraphs.

8. On September 16, 2023, McCarthy had called 911 and reported a female's death at the Subject Premises. Officers responded and found a known female present and deceased. She had an Auburn address and had signs of a drug overdose. Officers on the scene located, in the Subject Premises, a tannish brown powder that tested as positive for fentanyl using field testing techniques that, in my training and experience, are proven reliable. A subsequent autopsy identified the cause of death for this woman as toxicity involving fentanyl and cocaine.

9. On December 21, 2023, officers with the Scarborough Police Department (SPD) received an anonymous tip that two men were present at the Subject Premises

with a quantity of drugs. Law enforcement drove by the Subject Premises at the time and observed that McCarthy's known vehicle was present in the driveway.

10. On February 12, 2024, the Lewiston Police Department (LPD) arrested an individual (hereinafter CS), who had been found in possession of suspected fentanyl. The CS was interviewed and described a residence in Scarborough where a man CS knew as "Patrick" resided. CS claimed to have seen "fingers" of fentanyl at Patrick's residence. Based on my training and experience, a "finger" of fentanyl is commonly considered a 10-gram quantity and the quantity CS described is consistent with distribution as opposed to personal use. CS could not provide a precise address for "Patrick" but stated a woman had overdosed and died at the residence months prior and that the woman was from Auburn. This description matched the Subject Premises, and I am not aware of any other Scarborough location occupied at that time by a male named Patrick where a woman from Auburn had overdosed and died.

11. On February 17, 2024, an officer with the SPD watched a female with an active warrant leave the Subject Premises in a vehicle. Her vehicle was stopped and she appeared to be under the influence of opiates. She admitted she had illegal drugs concealed in her clothing and an officer recovered a small, user quantity, of suspected cocaine from her clothing. This stop, in my training and experience, is consistent with the woman having used and/or obtained drugs at the Subject Premises.

12. On March 15, 2024, McCarthy was found in a vehicle with Brian Trombley, Meagan Hebert, and Robert Marek and there was suspected fentanyl powder in the vehicle. At that time, officers believed McCarthy to be residing at the Subject

5

Premises. He was charged with state crimes in regard to this incident and, in his bail paperwork, identified the Subject Premises as his residence.[1]

13.     Public record information available through the Town of Scarborough Maine identified Patrick McCarthy as the sole owner of 90 Broadturn Rd. Unit 9.

*Post-Shooting Involvement of Subject Premises*

14.     Since obtaining the above-described warrant as to 27 Meetinghouse Road, officers have received information that McCarthy has been using both locations following the May 28th shooting incident, as explained in the following paragraphs.

15.     Since May 31, 2024, the Meetinghouse Road Neighbor has reported that McCarthy's blue Nissan Sentra[2] has not been parked regularly at the 27 Meetinghouse Road residence. That neighbor has, however, reported seeing that vehicle intermittently visiting 27 Meetinghouse Road, at least once for multiple hours, showing McCarthy does continue to use the Meetinghouse Road location.

16.     On March 31, 2024, at approximately 5 p.m. DEA TFO Daniel Donovan observed McCarthy exit the Subject Premises and approach his vehicle. A short time later, TFO Donovan observed McCarthy re-enter the Subject Premises. Between March 31st and June 3rd, officers with the Scarborough Police Department reported observing McCarthy's known vehicle at the Subject Premises regularly, at varying times of day and night.

---

[1] I understand his bail conditions authorize searches of his person and residence for drug-related items based upon reasonable articulable suspicion.

[2] McCarthy is the registered owner of a blue 2019 Nissan Sentra, bearing Maine plate 3674ZX

*Additional Information Regarding Requested Search Warrant*

17. Based upon my training and experience and the facts of this investigation, there appears to be a multi-month relationship between McCarthy and the Subject Premises. It appears that in the last several days he has primarily resided at the Subject Premises but is also spending time at 27 Meetinghouse Road, where he resided for multiple months as of the time of the shooting. The above-described warrant established authority to seize McCarthy's cellular telephone(s) and other drug and firearm related evidence if found at the 27 Meetinghouse Road address. Via this application, the DEA is seeking similar authority to also search the Subject Premises, for McCarthy's cellular telephone(s) and also for evidence related to drug-trafficking and or firearm possession.

18. Based on my training and experience, it is common for those involved in drug trafficking to utilize more than one location for drug trafficking activities. It is also common, following law enforcement activity at one such location, for such an individual to re-locate temporarily to conduct drug trafficking business from a location perceived to risk less of a law enforcement presence.[3]

19. Law enforcement agents will endeavor to search and seize only the cell phones which, upon reasonable inspection and/or investigation conducted during the

---

[3] Law enforcement has not received information that the other identified occupants at 27 Meetinghouse Road have partially or fully re-located following the shooting. Likewise, the information as to McCarthy is that he continues to be present at 27 Meetinghouse Road but may not be utilizing it as his primary residence as of the time of this writing. And as explained in Exhibit 1, he had a multi-month residency at 27 Meetinghouse Road. For these and other reasons, I believe the probable cause to search 27 Meetinghouse Road remains intact since the 27 Meetinghouse Road warrant issued. That warrant has an execution date of June 6, 2024.

execution of the search, reasonably appear to contain the evidence in Attachment B. If, however, the law enforcement agents cannot make a determination as to use or ownership regarding any particular device, the law enforcement agents will seize and search that device pursuant to the probable cause established herein.

20. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying cell phones that reasonably appear to contain some or all of the evidence described in the warrant, and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

21. I am also seeking authority to obtain from McCarthy the display of physical biometric characteristics (such as fingerprint, thumbprint, or facial characteristics) in order to unlock Subject Devices. I seek this authority because I know that most cellular phone manufacturers now offer users the ability to unlock devices through these types of biometric features in lieu of other passwords or codes. If a device is equipped with a fingerprint scanner, a user may enable the ability to unlock the device through his or her fingerprint. Similarly, if a device is equipped with facial recognition, a user may enable the ability to unlock the device through his or her face. In my experience, users of cellular phones often enable these types of biometric features as a convenient way of unlocking a device. Passwords or codes to unlock the Subject Devices, meanwhile, may not otherwise be available to law enforcement,

making use of biometric features necessary to effectively and efficiently execute the warrant. Thus the warrant sought would permit law enforcement to press or swipe the fingers or thumbs of McCarthy to a fingerprint scanner of the Subject Devices and or hold the Subject Devices in front of the face of McCarthy to activate facial recognition features, for the purpose of unlocking Subject Devices.

## CONCLUSION

22. I respectfully request that the Court authorize DEA special agents or task force officers or their authorized representatives, including, but not limited to, other law enforcement agents and technicians assisting in the above-described investigation, to search the Subject Premises for Subject Devices and other items identified in Attachment B, and to search the Subject Devices, also as identified in Attachment B.

Respectfully submitted,

Thomas Lapierre
TFO, U.S. Drug Enforcement Administration

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Jun 04 2024

City and state: Portland, Maine

Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title

9